UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN OAK LUMBER & MILLING, INC, <br><br> Plaintiff, <br><br> v. <br><br> JOSE A. PINEDA and FRANCISCO NIETO, <br><br> Defendants. | Case No.:  15cv2661 LAB (JLB) <br><br> **REPORT AND RECOMMENDATION RE: MOTION FOR ORDER DETERMINING CLAIM OF EXEMPTION BY JOSE A. PINEDA** <br><br> **[ECF No. 35]** |

This Report and Recommendation is submitted to United States District Judge Larry A. Burns pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 69, and Civil Local Rules 72.1(c) and (h) of the United States District Court for the Southern District of California.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On February 9, 2015, Plaintiff Glen Oak Lumber & Milling, Inc. ("Judgment Creditor") obtained a default judgment against defendants Jose A. Pineda and Francisco Nieto (collectively, "Judgment Debtors") in the amount of $289,559.60 plus $99.30 interest *per diem* after February 6, 2015, in case number 6:14-62-KKC in the United States District Court for the Eastern District of Kentucky.  (ECF No. 1.)  Judgment Creditor registered the

1

judgment in the Southern District of California on April 9, 2015. (*Id*.) Judgment Creditor filed Abstracts of Judgment against the Judgment Debtors on April 29, 2015. (ECF Nos. 3 and 5.) Judgment Creditor conducted judgment debtor examinations of the Judgment Debtors, pursuant to Court order, on August 12, 2015. (ECF Nos. 8, 9 and 21.) On August 14, 2015, Judgment Creditor filed a Writ of Execution against the Judgment Debtors. (ECF No. 23.)

On September 2, 2015, the U.S. Marshals Service served on Qualfin, Inc. a copy of two Applications for Earnings Withholding Orders against the Judgment Debtors. (ECF Nos. 28 and 29.) On November 6, 2015, the Judgment Debtors each filed Claims of Exemption supported by sworn Financial Statements. (ECF Nos. 33 and 34.) On November 17, 2015, Judgment Creditor filed motions challenging each claim of exemption. (ECF Nos. 35 and 36.) Neither Jose A. Pineda nor Francisco Nieto filed an opposition or any supplemental support for his exemption claim. *See generally* Docket Sheet, *Glen Oak Lumber & Milling, Inc. v. Pineda, et al.*, No. 3:15-cv-02661-LAB-JLB (S.D. Cal. 2015).

On November 30, 2015, Magistrate Judge Jill L. Burkhardt conducted a hearing at which Jose A. Pineda and Francisco Nieto each testified under oath.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 69, a money judgment is enforced by a writ of execution. Fed. R. Civ. P. 69(a)(1). "The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id*. Under California law, a judgment creditor may enforce a money judgment by obtaining an earnings withholding order against paid earnings. *See* Cal. Code Civ. P. ("CCP") §§ 699.710, 706.020, 706.021.

The amount of a judgment debtor's disposable earnings[1] subject to levy generally cannot exceed 25% of the judgment debtor's disposable earnings for the week. CCP § 706.050.[2] Furthermore, a judgment debtor can claim an exemption for the portion of the judgment debtor's earnings that are necessary for the support of the judgment debtor and the judgment debtor's family. CCP § 706.051.

The exemption claimant bears the burden to establish the exemption. *Id*.; CCP § 703.580(b). A claim that property is exempt due to being necessary for the support of the judgment debtor and the judgment debtor's family must include a financial statement. CCP § 703.530(a). The financial statement must include:

(1) The name of the spouse of the judgment debtor;

(2) The name, age, and relationship of all persons dependent upon the judgment debtor or the spouse of the judgment debtor for support;

(3) All sources and the amounts of earnings and other income of the judgment debtor and the spouse and dependents of the judgment debtor;

(4) A list of the assets of the judgment debtor and the spouse and dependents of the judgment debtor and the value of such assets; and

(5) All outstanding obligations of the judgment debtor and the spouse and dependents of the judgment debtor.

CCP § 703.530(b). In addition, the financial statement must be executed under oath by the judgment debtor and, unless the spouses are living separate and apart, by the spouse of the judgment debtor. CCP § 703.530(c).

---

[1] Disposable earnings are those earnings that remain after deduction of "all amounts required to be withheld by law." CCP § 706.011(a).

[2] With respect to the weekly levy, CCP § 706.050 provides that "the maximum amount . . . shall not exceed the lesser of the following: (1) Twenty-five percent of the individual's disposable earnings for that week. (2) The amount by which the individual's disposable earnings for that week exceed 40 times the state minimum hourly wage in effect at the time the earnings are payable."

An opposition to a claim of exemption must be executed under oath and include: "(a) [a]n allegation either (1) that the property is not exempt under the provision of this chapter or other statute relied upon or (2) that the equity in the property claimed to be exempt is in excess of the amount provided in the applicable exemption" and "(b) [a] statement of facts necessary to support the allegation." CCP § 703.560.

"The claim of exemption and notice of opposition to the claim of exemption constitute the pleadings, subject to the power of the court to permit amendments in the interest of justice." CCP § 703.580(a). The court may make its determination on a claim of exemption if it finds that the claim of exemption, financial statement, if required by Section 703.530, and the notice of opposition provide sufficient facts. CCP § 703.580(c). Otherwise, the court may continue the hearing for the production of additional oral or documentary evidence. *Id.*

Courts should construe the exemption statutes to the benefit of the judgment debtor in order to "facilitate the debtor's financial rehabilitation" and to "shift[] social welfare costs from the community to judgment creditors." *Ford Motor Credit Co. v. Waters*, 83 Cal. Rptr. 3d 826, 830 (Super. Ct. 2008) (citation omitted); *see also Kono v. Meeker*, 126 Cal. Rptr. 3d 208, 211 (Ct. App. 2011). However, "[e]xemptions under California law are wholly statutory and cannot be enlarged [or diminished] by the courts." *In re Hernandez*, 483 B.R. 713, 724 (B.A.P. 9th Cir. 2012) (alteration in original) (citing *Ford Motor Credit Co.*, 83 Cal. Rptr. 3d at 829-30)); *Sourcecorp, Inc. v. Shill*, 142 Cal. Rptr. 3d 414, 416 (Ct. App. 2012) ("exemptions are not subject to judicial enlargement, though we construe them in the favor of the debtor"). California courts have recognized that the "overarching purpose" of the claim of exemption is balancing the debtor's interest in maintaining a basic standard of living and the creditor's interest in obtaining satisfaction of the judgment.

> . . . [T]he overarching purpose of the various exemptions is described [in the California Law Revisions Report] as seeking to "accommodate both the interest of the judgment debtor in maintaining a *basic standard of living* and

the interest of the judgment creditor in satisfying the money judgment. Accordingly, the general approach of the proposed law is to protect income and property needed for the *subsistence* of the judgment debtor and … family." (16 Cal. Law Revision Com. Rep. (1982) p. 1080, italics added.)

*Sourcecorp*, 142 Cal. Rptr. 3d at 417 (emphasis in original).

### III. ARGUMENTS AND HEARING

Judgment Creditor and Judgment Debtor Jose A. Pineda ("Judgment Debtor") dispute whether Judgment Debtor has established his eligibility for an exemption. In its written opposition, Judgment Creditor argues that Judgment Debtor's Claim of Exemption is defective because it fails to identify Judgment Debtor's spouse as required and it fails to report all assets and equity in assets as required. (ECF No. 35-1 at 3, 5-6.) Judgment Creditor further argues that Judgment Debtor's claimed life expenses are in conflict with what Judgment Debtor reported on the expense accounting Judgment Debtor provided to Judgment Creditor pursuant to subpoena and that, even taking the claimed expense numbers as true, Judgment Debtor in not eligible for an exemption because the assets remaining after garnishment are sufficient to support a basic standard of living. (ECF No. 36-1 at 3, 5.) Judgment Debtor filed no written response.

At the hearing held on November 30, 2015, Judgment Debtor, through counsel, acknowledged that the Financial Statement submitted by Judgment Debtor in support of his claim for exemption (ECF No. 34) does not identify Judgment Debtor's spouse. Judgment Debtor testified under oath. (ECF No. 40.) In his testimony, Judgment Debtor acknowledged that his spouse lives with him in his home, and they are not divorcing. Judgment Debtor insisted that the amounts listed under the various expense categories on the Financial Statement accurately reflect his actual expenses in those categories. Judgment Debtor acknowledged that he did not list "[his] wife's" car (Hyundai) as an asset on the Financial Statement, even though he listed it as a liability. Judgment Debtor testified that he did not list his home as an asset because, in August 2014, he transferred the house

to a trust controlled by his three children called the "Erik Pineda, Karla Pineda, and Jose Andres Pineda Family Trust of 2014." He claims he has no control over this trust, although the quitclaim deed clearly states that the real property is being transferred "to a *revocable* family trust *created by* grantor [Jose A. Pineda]. (ECF No. 35-6 at 2.) (Emphasis added.) Judgment Debtor did not bring trust paperwork to substantiate the claim that the trust is irrevocable.

## IV. DISCUSSION

### A. Judgment Debtor Failed to Meet His Burden as Judgment Debtor's Claim of Exemption and Financial Statement Lack Sufficient Indicia of Reliability

To establish eligibility for this exemption, Judgment Debtor was required to provide a financial statement, sworn to under penalty of perjury, which includes the name of his spouse, a list of his and his spouse's assets, and a list of his and his spouse's outstanding obligations. CCP § 703.530. In addition, unless he and his wife were living separate and apart, the financial statement needed to be executed under oath by his spouse as well as by Judgment Debtor. CCP § 703.530(c). Judgment Debtor did not do this. He did not include the name of his wife. He did not have his wife sign the Financial Statement under penalty of perjury (or at all). (ECF No. 34 at 3.) And, in fact, he falsely claimed that he and his wife were living separate and apart.

Furthermore, Judgment Debtor admittedly misstated his assets. Judgment Debtor admittedly failed to include "[his] wife's" Hyundai, in spite of including his indebtedness for that vehicle on the Financial Statement. (ECF No. 34 at 2, 3.) In addition, Judgment Debtor's Financial Statement contains multiple material discrepancies from the expense accounting he provided in response to Judgment Creditor's subpoena in August, 2015, which further calls into question the

truthfulness and reliability of his expense claims.  (ECF No. 35-2 at 2 and 35-3.)[3] The following chart highlights some of the discrepancies:

| Financial Statement (September 2015) | Expense Accounting in Response to Subpoena (August 2015) |
|---|---|
| $1,200 – Food and household supplies | $640 – Food and groceries |
| $620 – Utilities and telephone | $490 - Water, garbage, gas & electric, land line telephone, cable/satellite TV/internet access and mobile telephone |
| $250 – Clothing | $400 – Necessary Clothing |
| $500 – Medical and dental payments | $200 - Healthcare |
| $460 – Transportation and auto expenses (insurance, gas, repair) | $573 – Auto insurance, auto repair, gas |
| $200 – Laundry and cleaning | $350 – Dry cleaning, laundry |

Judgment Debtor bears the burden of proof to show he is eligible for an exemption from wage garnishment.  CCP §§ 703.580(b) and 706.051.  Because of Judgment Debtor's material misstatements and omissions on his Financial Statement and the significant discrepancies between his two financial accountings, prepared one month apart, and based upon his demeanor during testimony, the Court finds Judgment Debtor to lack credibility and finds his Financial Statement to lack reliability.  Thus, the Court concludes Judgment Debtor failed to meet his burden of proof.  Therefore, the Court **recommends** that the District Court deny Judgment Debtor's claim of exemption.

---

[3] Because the Court finds Judgment Debtor's admitted false statements, omissions and inconsistencies to be sufficient to undermine the reliability of his claim of exemption, the Court need not make a determination as to whether Judgment Debtor's failure to report assets held by a trust (which is documented on the quitclaim deed to be a revocable trust created by Judgment Debtor) such as the house in which Judgment Debtor and his wife live, was proper or improper.

**B. Even Accepting Judgment Debtor's Representations of his Assets and Liabilities as True, Judgment Debtor's Remaining Income After Garnishment is Sufficient to Maintain a Basic Standard of Living**

Judgment Debtor reports his monthly payroll after withholding as $5,000. (ECF No 34 at 2.) He reports an additional monthly social security payment of $1,800. (*Id.*) His monthly garnishment, if he does not receive this exemption, is $1,250, leaving a monthly take-home income of $5,550 to support a household of two. He reports that he spends $250 on entertainment, which includes eating in restaurants because "[his] wife doesn't like to cook on the weekends." He reports a clothing expense of $250/month. He reports spending $1,200/month on food and household supplies for a household of two.[4] He claims to spend $620/month on utilities and telephone. He reports spending $200/month on laundry and cleaning. (According to his testimony, he pays a cleaning lady to clean his house two times a month for a total of $120/month. The remainder is the expense of sending all of his shirts out to be laundered.)

The Court finds that Judgment Debtor's reported budget exceeds that necessary to maintain a basic standard of living by at least the $1,250 garnishment amount. The Court finds that Judgment Debtor could maintain a basic standard of living even if his entertainment budget were reduced by almost $250, his utilities and telephone were reduced by $130[5], his clothing budget were reduced by over $200, his food budget were reduced by $700, and his laundry/cleaning were reduced by $160. Therefore, the Court

---

[4] According to the Bureau of Labor Statistics, the average food budget for San Diego families in 2013/2104 was $578/month. http://www.bls.gov/regions/west/summary/blssummary_sandiego.pdf. According to the United States Census, the average family size in San Diego County for 2009-2013 was 2.83. http://quickfacts.census.gov/qfd/states/06/06073.html. Extrapolating, the average food budget for a family of two would be $416/month. Judgment Debtor's claimed food budget exceeds that by $784/month.

[5] This would bring his utility expenses to the amount he reported on his financial accounting in August 2015.

finds that Judgment Debtor has failed to meet his burden to establish that an exemption to his wage garnishment is appropriate and the Court **recommends** that the District Court deny Judgment Debtor's claim of exemption.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court enter an Order: (1) approving and adopting this Report and Recommendation; (2) denying the claim of exemption filed by Francisco Nieto.

IT IS HEREBY ORDERED that any written objections to this Report must be filed with the Court and served on all parties no later than **December 22, 2015**. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **December 29, 2015**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). **IT IS SO ORDERED.**

Dated:  December 8, 2015

Hon. Jill L. Burkhardt
United States Magistrate Judge